**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Case No. 13-cr-0295-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    DIEN LE,
**2.    PONLUE PIM,
3.    PIRUN PIM,**
4.    RICKY PIM,
5    KENNETH BARNES, and
6.    PIM INC., LLC,

      Defendants.

---

**ORDER DENYING MOTIONS RELATED TO DISCOVERY**

---

Defendants Dien Le, Ponlue Pim, Pirun Pim, Ricky Pim, Kenneth Barnes, and Pim Inc., LLC are facing criminal charges related to their possession of synthetic chemicals that are allegedly controlled substances or controlled substance analogues. (Third Superseding Indictment (ECF No. 176).) Before the Court are the following motions: (1) Ponlue Pim's Motion for Notice of the Government's Intended Use of 404(b) and/or *Res Gestae* Evidence and for a Pre-Trial Hearing to Determine the Admissibility of that Evidence (ECF No. 258); (2) Pirun Pim's Motion to Adopt Motion for Disclosure of 404(b) Evidence (ECF No. 291); and (3) Pirun Pim's Motion for Discovery of National Security Agency ("NSA") Surveillance (ECF No. 265). The Government has responded to these Motions, and they are ripe for review. (ECF Nos. 342 & 359.)

## I. RULE 404(b) MOTIONS

Defendants Pirun and Ponlue Pim move for disclosure of any evidence that the Government seeks to introduce at trial under Federal Rule of Evidence 404(b). (ECF Nos. 258 & 291.) Rule 404(b) requires that "[o]n request of the defendant", the Government must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial."

In its response brief, the Government provides notice of the evidence that it intends to introduce under Rule 404(b). (ECF No. 359.) Indeed, the Government specifically states: "This response is formal notice of the Government's intent to offer evidence that may be considered 404(b) evidence." (*Id*. at 1.) As such, the Court finds that Defendants have been afforded the relief sought in the Motion, and their request for disclosure of Rule 404(b) evidence is now moot.

The Rule 404(b) motions also seek a pretrial hearing to determine the admissibility of any evidence sought to be admitted under Rule 404(b). (ECF No. 258 at 3.) The Court views the admissibility of a particular category of evidence as better handled much closer to trial, likely through a motion *in limine*. Thus, the Court denies Defendants' request for a pretrial hearing and/or pretrial consideration of the admissibility of any Rule 404(b) evidence without prejudice to re-raising this issue, if necessary, much closer to trial.

## II. NSA SURVEILLANCE

Defendant Pirun Pim moves the Court to order that the Government "disclose if the National Security Agency [NSA] conducted wiretap or other surveillance of contacts

between Luyu Import and Export Co and/or Peter Zhao and any of the Defendants herein." (ECF No. 265 at 1.) Defendant states that, based on revelations by Edward Snowden, he recently learned that the NSA has engaged in "a massive program of electronic surveillance which, in many cases, was not authorized by any Court order." (*Id*. at 3.) Defendant contends that, should the NSA have engaged in any such unauthorized surveillance of the Defendants in this case, there may be cause to raise suppression issues. (*Id*.)

In response, the Government contends that it is unaware of any NSA surveillance of the Defendants. (ECF No. 342 at 1.) The Government points out that its discovery obligation extends only to those documents that are within the care, custody, and control of the United States Attorney's Office, and the agencies that are a part of the prosecution team. (*Id*. at 2.) The Government states that the NSA is not a part of, or closely connected to, the prosecution team and, therefore, any such materials within the possession of the NSA would not fall within the discovery obligations. (*Id*.)

The Court has no reason to question the veracity of the Government's statement that it is unaware of any NSA surveillance of the Defendants. Moreover, the Court agrees that, if the prosecutor is not working closely with the NSA, his discovery obligations do not extend to any materials that may be in the possession of the NSA. Accordingly, the Court finds that the Defendant has not shown good cause for the Court to order disclosure of any such materials at this point. The Court is confident that the Government will abide by its discovery obligations, and that materials subject to the Court's discovery order or other disclosure rules will be timely disclosed to Defendants.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant Ponlue Pim's Motion for Notice of the Government's Intended Use of 404(b) and/or *Res Gestae* Evidence and for a Pre-Trial Hearing to Determine the Admissibility of that Evidence (ECF No. 258) is DENIED AS MOOT;

2. Defendant Pirun Pim's Motion to Adopt Motion for Disclosure of 404(b) Evidence (ECF No. 291) is DENIED AS MOOT; and

3. Defendant Pirun Pim's Motion for Discovery of National Security Agency Surveillance (ECF No. 265) is DENIED.

Dated this 4th day of November, 2014.

BY THE COURT:

William J. Martinez
United States District Judge

4