IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

Courtroom Deputy:  Deborah Hansen          Date: October 28, 2015
Court Reporter:       Gwen Daniel             Probation: MariJo Paul
                                                         Time: one hour and fifty-four minutes

_____

Criminal Action No.  13-cr-00295-WJM          _Counsel:_

UNITED STATES OF AMERICA,                    Jeremy Sibert

            Plaintiff,

v.

2.  PONLUE PIM,                               John Richilano

            Defendant.

_____

**COURTROOM MINUTES**
_____


HEARING - SENTENCING

10:30 a.m.    Court in Session

Appearances

Defendant is present and on bond.

Oath administered to the defendant.

Sentencing Statement by Mr. Sibert

Sentencing Statement by Mr. Richilano

The Court addresses the objections to the Presentence Investigation Report and enters rulings on the record.

1

**ORDERED:**   **The Probation Office shall amend the Presentence Investigation Report which reflects the Court's rulings on the objections.**

**ORDERED:**   **There being no objection to the Government's Motion For A Third Point For Acceptance of Responsibility Pursuant To USSG § 3E1.1(b) [573], the motion is GRANTED.**

**ORDERED:**   **There being no objection to the Government's Motion to Dismiss Counts 2-9 Of The Third Superseding Indictment and Previous Indictments Filed [574], the motion is GRANTED.  Counts 2-9 Of The Third Superseding Indictment and All Previous Indictments are dismissed as to Defendant Ponlue Pim.**

The Court addresses the defendant's Motion For Variant Sentence [625].

Argument/Discussion

**ORDERED:**   **The defendant's Motion For Variant Sentence [625] is GRANTED IN PART.**

Defendant's Allocution

> Defendant plead guilty to Count One of the Third Superseding Indictment on July 9, 2015.

**ORDERED:**   **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant, Ponlue Pim is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 44 months.**

**Defendant shall pay a Fine of $5,000 into the Crime Victims Fund.**

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.**

**The Court recommends that the Bureau of Prisons place the defendant at a facility appropriate to his security designation located within the District of Colorado.**

**ORDERED:**   **Upon release from imprisonment defendant is placed on supervised release for a term of three years.**

Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the district to which defendant is released.

While on supervised release the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.

It is an express condition of Supervision that the defendant pay the Fine and Special Assessment to be ordered by this Court in accordance with the Schedule of Payments sheet set forth in the Court's Judgment.

The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance.  The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

ORDERED:  Special Conditions of Supervised Release:

1.    All employment for the defendant shall be approved in advance by the supervising probation officer and the defendant shall not engage in any business activity unless approved by the probation officer.

All approved business activity must operate under a formal, registered entity, and the defendant shall provide the probation officer with the business entities and their registered agents.

The defendant shall maintain business records for any approved business activity and provide all documentation and records as requested by the probation officer.

2.    The defendant shall submit his person, property, house, residence, papers, or office, to a search conducted by a United States Probation Officer.  Failure to submit to search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

> An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

3.    The defendant shall not work or engage in any activities involving the use, production or distribution of synthetic cannabinoids.

4.    The defendant shall participate in medical testing as directed by the probation officer.

**ORDERED:**   The defendant shall pay a Special Assessment of $100, which shall be due and payable immediately.

**ORDERED:**   The Special Assessment and Fine obligations are due immediately. Any unpaid Fine balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release of not less than 10% of the defendant's gross household monthly income.

Within 15 days of release from custody, the defendant shall meet with the probation officer to develop a Plan for the payment of the unpaid portion of his financial obligations under the Court's Judgment. This Plan will be based upon the defendant's income and expenses. The Plan will be forwarded to the Court for review and approval.

**ORDERED:**   Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the Forfeiture Allegation in the Indictment, the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from the instant offense and as stipulated to in the Plea Agreement.

Court's comments

The Government has no objection to voluntary surrender.

The Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any other person or the community;

**IT IS THEREFORE ORDERED that the defendant, Ponlue Pim, surrender at the institution designated by the Bureau of Prisons on the 2nd of December, 2015 at 12:00 o'clock noon.**

**In the interim the defendant's bond is continued and all conditions set forth in the Magistrate Judge's Order Setting Conditions of Release shall continue to apply.**

Defendant advised of his right to appeal his conviction, as well as the sentence imposed, except in very limited circumstances.

11:54 a.m.    Court in Recess
                     Hearing concluded